**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAFAEL FRANCISCO DEPAZ, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 18-70370 <br><br> Agency No. A073-965-453 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2020[**]

Before:      MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Rafael Francisco Depaz, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for withholding of

removal and relief under the Convention Against Torture ("CAT"). Our

jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law,

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

*Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part, dismiss in part, and grant in part the petition for review, and we remand.

The agency did not err in finding that Depaz's proposed social groups based on his deportee status and gang tattoos were not cognizable. *See Reyes v. Lynch*, 842 F.3d 1125, 1131-32, 1138-40 (9th Cir. 2016) (explaining cognizability standard and finding petitioner's proposed social group of "deportees from the United States to El Salvador" not cognizable); *see also Arteaga v. Mukasey*, 511 F.3d 940, 945 (9th Cir. 2007) (holding that a "[t]attooed gang member" does not qualify as a member of a particular social group). To the extent that the deportee-based social group Depaz raises in his opening brief differs from the group he raised to the BIA, we lack jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lack jurisdiction to review claims not presented to the agency). We also lack jurisdiction to consider Depaz's proposed social group of "family" because he failed to raise it before the BIA. *Id.* Thus,

18-70370

Depaz's withholding of removal claim fails.

As to Depaz's claim for relief under CAT, the agency's finding that Depaz did not establish a likelihood of torture with the requisite state action is not supported by substantial evidence. *See* 8 C.F.R. § 1208.18(a)(1), (7); *Muradin v. Gonzales*, 494 F.3d 1208, 1211 (9th Cir. 2007) (remanding CAT claim where petitioner credibly testified to severe beatings by military officers and country conditions evidence showed state officials routinely tortured similarly situated persons). Thus, we grant the petition for review and remand Depaz's CAT claim to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

The government must bear the costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part; GRANTED in part; REMANDED.**